COURT OF APPEALS
DECISION
DATED AND FILED

September 6, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP965-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2020CF296

IN COURT OF APPEALS
DISTRICT IV

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

JEREMY JOSEPH PETERSON,

DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Columbia County: TODD J. HEPLER, Judge. *Affirmed*.

Before Blanchard, Nashold, and Taylor, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Jeremy Peterson appeals a judgment of conviction and an order denying his postconviction motion. He argues that the State materially and substantially breached the parties' plea agreement by supporting the victims' recommendation for a sentence that was longer than the sentence the State had agreed to recommend.[1] Peterson also argues that his counsel was ineffective by failing to object to the State's breach. We conclude that the State did not materially and substantially breach the plea agreement, and we therefore affirm.[2]

¶2 Peterson was charged with one count of first-degree sexual assault of a child and one count of incest. Pursuant to a plea agreement, he pled no contest to one count of second-degree sexual assault of a child. As part of the agreement, the State agreed that it would recommend a prison sentence including no more than ten years of initial confinement while remaining free to argue the amount of extended supervision.

¶3 The circuit court ordered a presentence investigation report (PSI). The PSI writer recommended a prison sentence consisting of five to six years of initial confinement and three to four years of extended supervision.

¶4 At sentencing, the State began its presentation by explaining that no victim was appearing in person at the sentencing hearing and that the victims had

---

[1] In this case, we include both the child victim and the child victim's mother in our references to "victims." *See* WIS. CONST. art. I, § 9m(1)(a); WIS. STAT. § 950.02(4)(a) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version.

[2] Because the State did not materially and substantially breach the plea agreement, counsel's failure to object could not be ineffective. *See State v. Naydihor*, 2004 WI 43, ¶9, 270 Wis. 2d 585, 678 N.W.2d 220.

chosen to participate by providing a written statement. The State asserted that it had been "in pretty constant contact with the family in this case" and that "[t]he victim[s] know[] the importance of [their] participation"; however, "[they are] participating through giving this written statement, rather than appearing in person, so [the mother] can focus her attention on the children rather than on Mr. Peterson himself." The State concluded this initial part of its presentation by stating that "I just wanted to make the Court aware of that as a, sort of, explanation for why there was no victim present."

¶5 The State next proceeded to argue that the PSI writer's sentencing recommendation was insufficient. It supported this argument by referencing information in the PSI. It then stated that its recommendation was for a twenty-year prison term consisting of ten years of initial confinement and ten years of extended supervision. Finally, it noted that its recommendation would keep Peterson confined until the child victim was eighteen years old, whereas the victims were requesting that Peterson remain confined for longer:

> So for those reasons, Your Honor, I am asking that the Court sentence the defendant to 20 years total; 10 years of initial confinement and 10 years of extended supervision.
>
> Without credit, Your Honor, that would take the defendant until [the child victim] was age 18. I would note specifically that in her victim impact statement, [the child]'s mother asked for him to be confined until [the child victim] was 20 or 21 and then asked for supervision, I believe, of 10 years after that. But that is the State's request for sentence, Your Honor.

The circuit court sentenced Peterson to twelve years of initial confinement and twelve years of extended supervision.

¶6      Peterson filed a postconviction motion. He argued that the State breached the term of the parties' plea agreement requiring the State to recommend no more than ten years of initial confinement. Additionally, he requested an evidentiary hearing to establish that trial counsel's failure to object to the breach was ineffective. The circuit court denied the motion without a hearing. This appeal follows.

¶7      "A prosecutor who does not present the negotiated sentencing recommendation to the circuit court breaches the plea agreement." *State v. Williams*, 2002 WI 1, ¶38, 249 Wis. 2d 492, 637 N.W.2d 733. The breach must be "material and substantial" to warrant relief. *Id.* "A material and substantial breach is a violation of the terms of the agreement that defeats the benefit for which the accused bargained." *Id.*

¶8      "While [the State] need not enthusiastically recommend a plea agreement," it "'may not render less than a neutral recitation of the terms of the plea agreement.'" *Id.*, ¶42 (quoted source omitted). It "'may not accomplish by indirect means what it promised not to do directly, and it may not covertly convey to the [circuit] court that a more severe sentence is warranted than that recommended.'" *Id.* (quoted source omitted).

¶9      "[W]hether the State's conduct constitutes a breach of the plea agreement and whether the breach is material and substantial are questions of law." *State v. Howland*, 2003 WI App 104, ¶24, 264 Wis. 2d 279, 663 N.W.2d 340. "We determine questions of law independently of the circuit court." *Id.*

¶10     Here, Peterson argues that the State substantially and materially breached the parties' plea agreement by supporting the victims' recommendation for a sentence that was longer than the sentence the State had agreed to

recommend. He argues that the State undercut its agreed-upon recommendation and implicitly supported the victims' recommendation because: (1) the State "couched" its recommendation between an initial focus on the victims' statement and a reminder to the court that the victims were recommending a longer sentence; and (2) immediately after the State made its recommendation for ten years of initial confinement, it alerted the court to the fact that its recommendation would not keep Peterson confined as long as the victims wanted.

¶11 We are not persuaded by Peterson's arguments for two main reasons. First, the State's initial focus on the victims' statement at the outset of the sentencing hearing is not reasonably viewed as supporting the victims' recommendation or otherwise undercutting the State's recommendation. Rather, it is most reasonably viewed as establishing compliance with victim rights requirements and explaining the victims' absence from the hearing. The State did not mention the victims' sentencing recommendation when it initially focused on the victims' statement and absence from the hearing.

¶12 Second, the State is generally free to objectively describe a victim's recommendation and the differences between the victim's recommendation and the State's recommendation. *See State v. Bokenyi*, 2014 WI 61, ¶67, 355 Wis. 2d 28, 848 N.W.2d 759 ("[R]estating the victim's wishes 'without augmenting them in some fashion, without increasing them in some way' did not constitute a material and substantial breach of the plea agreement."). That is what occurred here, and it was not a material and substantial breach of the plea agreement.

¶13 Peterson contends that the facts of his case are similar to those in *Williams*, 249 Wis. 2d 492, in which the court found a material and substantial breach of the plea agreement. We disagree. In *Williams*, the State agreed to

recommend probation with sixty days of jail time, but at sentencing the State implied that it had reservations or second thoughts about its recommendation based on information in the PSI, including statements from the victim. *See id.*, ¶¶24, 26, 46-51. Here, in contrast, the State's sentencing arguments, including its references to information in the PSI, are not reasonably viewed as expressing reservations or second thoughts about the State's agreement to recommend a sentence including no more than ten years of initial confinement. Rather, the State's arguments are most reasonably viewed as arguments to support the State's recommendation and to undercut the PSI writer's recommendation for a significantly shorter sentence.[3]

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[3] In *State v. Williams*, 2002 WI 1, 249 Wis. 2d 492, 637 N.W.2d 733, the PSI writer recommended a "medium term of imprisonment," *id.*, ¶25, a significantly greater sentence than the State had agreed to recommend. This is one reason among others why the State's references to information in the PSI in *Williams* were reasonably viewed as implicitly arguing for a greater sentence than the State had agreed to recommend.